UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARIAN SEBASTIAN SAM, § | |
| TDCJ-CID NO. 1268719, § | |
|     Petitioner, § | |
| v. § | CIVIL ACTION NO. H-11-1021 |
| § | |
| RICK THALER, § | |
|     Respondent. § | |

OPINION ON DISMISSAL

Petitioner Darian Sebastian Sam, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this habeas action with prejudice as time-barred.

I.  BACKGROUND

Upon a plea of guilty, petitioner was convicted on October 21, 2004, of aggravated robbery in the 182nd Criminal District Court of Harris County, Texas, in cause number 940251. Punishment was assessed at sixty years confinement in TDCJ-CID. (Docket Entry No.1). The First Court of Appeals for the State of Texas affirmed the judgment of the state district court in an unpublished opinion. *Sam v. State*, No. 01-05-01037-CR (Tex. App.—Houston [1st Dist.], April 26, 2007) (unpublished memorandum opinion). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals (Docket Entry No.1), and his time to do so expired thirty days after the First Court of Appeals for the State of Texas affirmed the judgment of the state district court. TEX. R. APP. PROC. 68.2(a). Thus, petitioner's conviction became final for purposes of federal habeas corpus review thirty days

1

after the appellate court's judgment was entered, on or about May 28, 2007. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed a state habeas application on May 19, 2008, and the Texas Court of Criminal Appeals denied the application on December 22, 2010. (Docket Entry No.1).

Petitioner filed his first federal habeas petition in March 2009. *Sam v. Quarterman*, No.4:09-cv-00747 (S.D. Tex. Mar. 25, 2009). The petition was dismissed for failure to exhaust state remedies. (*Id.*). Petitioner filed a second federal petition for writ of habeas corpus on December 30, 2009. *Sam v. Thaler*, No.4:10-cv-05253 (S.D. Tex. Feb. 10, 2011). The Court noted that petitioner had misstated the date that he deposited the petition in the prison mail system and the date that the Texas Court of Criminal Appeals denied relief on his state habeas application. *Id.*, Docket Entries No.4, No.6, No.8. In the same Order, the Court also denied his application to proceed *in forma pauperis* and ordered him to pay the $5.00 filing fee. *Id.*, Docket Entry No.4. When petitioner failed to submit the filing fee by the date designated, the Court dismissed the habeas action without prejudice. *Id.*, Docket Entry No.9. Eighteen days later, petitioner paid the filing fee but did not move to reinstate the habeas action.

On March 16, 2011, more than a month after Civil Action No.4:10-cv-5253 was dismissed, petitioner executed the pending petition for a federal writ of habeas corpus. (Docket Entry No.1). Therefore, Petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on grounds that he was denied the effective assistance of counsel at trial and on appeal. (Docket Entry No.1).

II. STATUTE OF LIMITATIONS

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Under § 2244(d)(1)(A), petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the intermediate court of appeals, on or about May 26, 2007. SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on May 28, 2008.

Petitioner's state habeas application that was filed on May 19, 2008, tolled the AEDPA limitations period while it was pending before the Texas courts for 947 days, or until December 31, 2010.  28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999).  The pending petition, executed on March 16, 2011, therefore, is time-barred.

Petitioner acknowledges that the present petition is time-barred under the AEDPA and seeks equitable tolling or an order relating the filing date back to the writ filed in Civil Action No.4:10-cv-05253.  (Docket Entry No.2).  Petitioner claims that his mother "overlooked" the payment of the filing fee in Civil Action No.4:10-cv-05253, which resulted in the dismissal of such action and by the time he received the dismissal order, the AEDPA limitations period for filing his federal petition had expired.  (*Id.*).  Petitioner notes that Civil Action No.4:10-cv-05253 was filed within the limitations period, and requests the Court to equitably toll the limitations period from the date of dismissal of the initial writ to the date the present writ was filed, or alternatively, to relate the filing date of the present writ back to the date the initial writ was filed.  (*Id.*).

The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'"  *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).  The petitioner bears the burden of establishing that equitable tolling is warranted.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Petitioner has not met his burden.  His mother's mistake in failing to pay the filing fee in Civil Action No.4:10-cv-05253 does not merit equitable tolling in the present action.[1]  *Cf. Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002) (attorney's mistake regarding filing fee).  Petitioner fails to show that any unconstitutional state action prevented him from paying the filing fee in Civil Action No.4-10-cv-05253, moving to reinstate his habeas suit in Civil Action No.4-10-cv-05253, or from filing the present action upon receipt of the dismissal order in Civil Action No.4-10-cv-05253.  The record, however, affirmatively shows that any deficiency in screening and addressing the merits of petitioner's claims in Civil Action No.4-10-cv-05253 was solely attributable to petitioner, who misstated the record and failed to pay the filing fee as ordered.  Moreover, petitioner does not allege, and the record does not show, that any unconstitutional state action prevented him from filing his state habeas action nine days before the AEDPA limitations period expired.  Had he exercised diligence in filing his state habeas application, he could have timely filed this action.  *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999) (finding neither rare nor exceptional circumstances where the petitioner's last minute filing of a state habeas application was a matter totally within the control of the petitioner, and the state application readily could have been filed earlier, allowing an adequate period for the filing of the federal petition after final denial of the state application).  Petitioner has not provided a sufficient explanation for his failure to comply with the statute of limitations on his federal habeas corpus review and he fails to otherwise show that he has pursued his rights with due diligence.  Therefore, he fails to show any entitlement to equitable tolling.

Petitioner does not allege that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no

---

[1] Petitioner has not paid the filing fee in the present action nor submitted an application to proceed as a pauper.

showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV.     CONCLUSION

        Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner's Motion for Equitable Tolling (Docket Entry No.2) is DENIED.

3. This cause of action is DISMISSED with prejudice.

4. A certificate of appealability is DENIED.

5. All other pending motions, if any, are DENIED.

        SIGNED at Houston, Texas, this 12th day of April, 2011.

        _____
        MELINDA HARMON
        UNITED STATES DISTRICT JUDGE